UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VICTOR C. VARGAS** | : | **DOCKET NO. 2:21-cv-3714** |
| **REG. # 84491-379** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is an original and amended civil rights complaints (docs. 1, 20) filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Victor C. Vargas, who is proceeding *pro se* and *in forma pauperis* in this matter. The matter was originally filed in the United States District Court for the Southern District of Texas on February 12, 2021 (doc. 1) and transferred to this Court on October 20, 2021 (doc.9), as it involves allegations arising out of Vargas' incarceration at Federal Correctional Institute at Oakdale, Louisiana (FCIO).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Plaintiff alleges that he has been denied adequate medical care. Specifically, he contends that he was approved by audiology for cross implants, sent to another audiologist, and two years later, he received his current hearing aids. Doc. 12, p. 3. He alleges that his hearing has since worsened. Moreover, he was given hearing aids, as opposed to the implants, which must be charged, yet he has no way of charging them. *Id*. He names as defendants the United States of

America, Acting Warden Ma'at, Acting Warden O Mack, Acting Warden Maldanado, Warden Myers and the Medical Staff at FCIO and asks that this Court order them to provide him with a way to charge the hearing aids or provide him with the implants for which he was previously approved. *Id*. at p. 4,

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Vargas has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

Vargos claims that the defendants violated his constitutional rights while he was a federal detainee at FCIO. Accordingly, this civil action may be fairly interpreted as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S. Ct. 1999 (1971). Although Vargas does not specifically invoke *Bivens* as the basis for his claims, federal courts have consistently construed actions brought by federal prisoners alleging constitutional violations as *Bivens* claims. "Because pro se complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a pro se plaintiff." *Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M-BH, 2010 U.S. Dist. LEXIS 14368, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009) ("In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.'") (citations omitted); *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993) (noting that *Bivens* applies to constitutional actions by federal, rather than state, officials).

## C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

    (1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

    (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

    (3) the place and date(s) that each event occurred; and

    (4) a description of the alleged injury sustained as a result of the alleged violation.

### D. *Theories of the Complaint*

"[T]he treatment a prisoner receives in prison and the conditions und under which he is confined are subject to scrutiny under the Eighth Amendment." *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). Accordingly, the Eighth Amendment imposes on prison officials a duty to ensure that inmates' basic needs, including medical care, are met. *Farmer v. Brennan*, 114 S.Ct. 1970, 1976 (1994). It also obliges officials to "take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotations omitted).

To show a violation under this theory, the inmate must allege a sufficiently serious deprivation and a sufficiently culpable state of mind on the part of the prison official – that is, that the official acted with deliberate indifference to inmate health or safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Under this theory, a prison official is not liable unless he both knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 114 S.Ct. at 1977–79. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant

to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (quoting *Farmer*, 114 S.Ct. at 1980).

Vargos maintains that he has received constitutionally inadequate treatment, but also admits that he has been provided with treatment for hearing loss, as well as a hearing aid. Accordingly, Vargos fails to provide sufficient detail for the court to determine whether his care was inadequate or what role the defendants played in any denial of treatment. He must amend his complaint to allege facts that show serious deprivation and a sufficiently culpable state of mind on the part of each defendant – that is, that the official acted with deliberate indifference to plaintiff's health or safety.

***<u>Plaintiff should also amend to clarify his allegations regarding the charging of the hearing aid battery</u>***. How often does the battery need to be charged? How often is he able to charge the battery? Is plaintiff asserting that the battery has never been charged and will not ever be able to be charged, rendering it useless?

### E. Improper Defendants

#### a. *Supervisory officials*

Vargos names as defendants Acting Warden Ma'at, Acting Warden O Mack, Acting Warden Maldanado, and Warden Myers, failing to allege that any personally treated him or made any decisions relating to his care. Vicarious liability does not apply in a *Bivens* suit, and so "the plaintiff . . . must plead that each Government-official defendant, through his own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Vargos must plead adequate facts to support a finding of deliberate indifference for each of these defendants or dismiss his claims against them.

### b. USA

Vargos also names the United States of America as a defendant. In the event that he does wish to maintain claims against the United States, he is advised that he may only do so through one of the government's limited waivers of sovereign immunity – in this instance, through a complaint filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 et seq. E.g., *Tsolomon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) ("The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government.") Accordingly, he should state whether he intends to proceed under the FTCA as well or whether he wishes to dismiss the United States as a defendant.

### c. *Medical Staff FCI-Oakdale*

Plaintiff names as a defendant the medical staff at FCIO, which is not a proper party to this suit. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the prison medical department has the capacity to be sued in this action.

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988). In other words, the State of Louisiana has not granted juridical status to the FCIO or its prison medical department. If plaintiff wishes to name an individual medical provider as a defendant, he should do so in accordance with the provisions of FRCP 8, outlined above.

## III.
### CONCLUSION

Vargos must amend his complaint to address the deficiencies described above, and to dismiss the claims and parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Vargos at his last address on file.

**IT IS ORDERED** that Vargos amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962). Vargos is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 10th day of March, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE