UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VICTOR C. VARGAS** | : | **DOCKET NO. 2:21-cv-3714** |
| REG. # 84491-379 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an original and amended civil rights complaints (docs. 1, 20) filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Victor C. Vargas, who is proceeding *pro se* and *in forma pauperis* in this matter. The matter was originally filed in the United States District Court for the Southern District of Texas on February 12, 2021 (doc. 1) and transferred to this Court on October 20, 2021 (doc.9), as it involves allegations arising out of Vargas' incarceration at Federal Correctional Institute at Oakdale, Louisiana (FCIO). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Plaintiff alleges that he has been denied adequate medical care. Specifically, he contends that he was approved by audiology for cross implants, sent to another audiologist, and two years later, he received his current hearing aids. Doc. 12, p. 3. He alleges that his hearing has since worsened. Moreover, he was given hearing aids, as opposed to the implants, which must be charged, yet he has no way of charging them. Id. He names as defendants the United States of

America, Acting Warden Ma'at, Acting Warden O Mack, Acting Warden Maldanado, Warden Myers and the Medical Staff at FCIO and asks that this Court order them to provide him with a way to charge the hearing aids or provide him with the implants for which he was previously approved. Id. at p. 4,

On March 10, 2022, the undersigned ordered Vargas to amend his complaint to provide additional information regarding his claims. Doc. 13. The Order was mailed to plaintiff at his last known address, yet he has not filed an amended complaint in accordance with the Order.

## II.
## LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Vargas has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

## III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Vargas' complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE